## KATHERINE L. KIDD *vs.* R. GARLAND CHISSELL.

*Municipal Ordinance—Vehicle Traffic—Unreasonable Regulation.*

A city ordinance giving a right of way over other vehicles to the vehicles of physicians having a permit to that effect from the police department, without providing any means by which other users of the highway may know that a vehicle is one of

ruch privileged class, is not a reasonable regulation within
Code, art. 56, secs. 133, 163, which, while declaring a rule as to
the right of way at street intersections, provides that incor-
porated cities may prescribe and enforce "reasonable traffic
regulations," and is invalid.

*Decided June 20th, 1924.*

Appeal from the Baltimore City Court (STUMP, J.).

Action by Katherine L. Kidd against R. Garland Chissell.
From a judgment for defendant, plaintiff appeals. Reversed.

The cause was argued before PATTISON, URNER, ADKINS,
OFFUTT, DIGGES, and BOND, JJ.

*Walter L. Clark,* with whom were *Bowie & Clark* on the
brief, for the appellant.

*Randolph Barton, Jr.,* and *Laurie H. Riggs,* for the ap-
pellee.

URNER, J., delivered the opinion of the Court.

At the trial of this suit for personal injuries, resulting
from an automobile accident, the plaintiff testified that, as
the car which she and several companions occupied was
moving southwardly at the intersection of Guilford Avenue
and 23rd Street in Baltimore, it was struck on the left side
by the defendant's car, approaching from the east, and was
diverted by the impact to the sidewalk and against a building.
Both cars were moving at a moderate rate of speed according
to the plaintiff's testimony. The accident occurred in the
day time, and the occupants of each car readily observed the
movement of the other as they neared the point where their
lines of progress would cross. It was assumed by the plain-
tiff, and by her sister who was driving their car, that they
had the right of way and that it would be duly recognized
by the defendant in approaching with his car from the left.
An alleged violation of that right is the primary ground of

the liability asserted in this action. In the pleadings and proof the defendant was also sought to be charged with responsibility, apart from the effect of the right of way rule, on the theory that he could have avoided the collision, by the exercise of due care, after he became aware of its imminence.

The plaintiff's description of the accident was corroborated by other testimony, but a wholly different version was given by the defendant and his witnesses. They testified that he actually conceded the right of way to the other car and allowed it to pass before he proceeded beyond the center line of Guilford Avenue, and that the two cars never came in contact with each other, but that the plaintiff's sister, operating their automobile at a high rate of speed, suddenly made it .swerve to the right and towards the corner building because she became startled by the near approach of the defendant's automobile.

The conflicting theories presented by the evidence were submitted to the jury by certain instructions which made no reference to the right of way. But other instructions, granted at the defendant's request, informed the jury that he was entitled to the right of way at the time of the accident if, as proved without dispute by the evidence, he was a duly registered physician and held a right of way permit issued by the City Police Department. In thus restricting the plaintiff's possible ground of recovery the trial court gave effect to an ordinance of the Mayor and City Council of Baltimore, enacted in 1908, which provides:

> "The officers and men of the Fire Department, with their fire apparatus of all kinds, when going to, or on duty, at or returning from a fire, and all ambulances, and the officers and men and vehicles of the Police Department and all physicians who have a police permit (as hereinafter provided) shall have the right of way in any street and through any procession, except over vehicles carrying the United States mail. The Police Department is hereby empowered to issue upon application therefor a permit for such right of way to any duly registered physician, which permit shall not be transferable."

Objection to the instructions based on this ordinance was made on the theory that it was not intended, so far as physicians are concerned, to affect the right of precedence at street intersections, now regulated by the general law of the State (Acts of 1920, ch. 506, Code, art. 56, sec. 163), but that if the ordinance was designed to have such an application, it is inoperative because in conflict with the statute and is invalid as an unreasonble exercise of municipal authority. This contention is renewed on appeal from a judgment entered on a verdict for the defendant, which is attributed by the plaintiff to the instructions on the subject of the right of way.

The statute referred to provides, in part: "All vehicles shall have the right of way over other vehicles approaching at intersecting roads from the left, and shall give right of way to those approaching from the right." This is one of the Code provisions, relating to motor vehicles, which are "intended to be state wide in their effect," but which reserve the right to incorporated cities and towns to "prescribe and enforce reasonable traffic regulations * * * applicable to all vehicular traffic, motor vehicles included * * *" Code, art. 56, sec. 133.

In the recent case of *State v. Brown*, 142 Md. 27, the Baltimore ordinance which we have quoted was held to be a valid exercise of the police power delegated to the municipality, as against a challenge of its validity made by demurrer to an indictment for the violation of the right of way allowed by the ordinance to an ambulance using the city streets. It was said, in the opinion delivered in that case by Judge Stockbridge, to be the purpose of the ordinance that "fire apparatus, ambulances, police vehicles and the vehicles of physicians who had registered with and been given special privileges" by the police department of the city, should be exempted from the statutory rule requiring motor vehicles "to yield the right of way to other vehicles on a street or road approaching from the right." This language indicated a view of the court which is inconsistent with the contention in this

case, that the ordinance was not designed to give a right of way to physicians, holding police permits, in the operation of their automobiles at street intersections under ordinary circumstances, but was merely intended to give them a right to proceed under unusual conditions by which general traffic might be retarded. The important question whether, as applied to physicians, the ordinance is a valid police measure, was not involved in the case of *State* v. *Brown*, and was, consequently, not there decided.

The ordinance gives priority in the use of the city streets to the four following classes of persons and vehicles: (1) "Officers and men of the fire department, with their fire apparatus of all kinds, when going to or on duty, at or returning from a fire"; (2) "all ambulances"; (3) "officers and men and vehicles of the police department," and (4) "all physicians who have a police permit." As applying to the individuals and vehicles embraced in the first, second and third of those classes, the practicability of the ordinance cannot be doubted. They are all readily recognizable as having the functions which entitle them to the right of way given them in the use of the city thoroughfares. The uniforms of the firemen and policemen and the structure of the fire apparatus, ambulances and police cars, immediately disclose their identity to those by whom the right of way must be yielded. But a physician or his car when using the city streets is not so easily distinguishable. No provision is made by the ordinance for any sign by which the mission of the car or the vocation of the occupant is to be revealed. It is said that the defendant had a blue cross on his car, but this was not required by the ordinance. It escaped the notice of the plaintiff and the driver of the automobile in which she was injured, and it does not appear that, if they had observed the cross, they would have been aware of its significance. The sufficiency of such a sign is not a subject of our present inquiry. The question as to the validity of the ordinance is to be decided according to its terms, and they do not provide that the display of a cross on a physician's car shall be a condition

of the exercise of the right of way allowed him, or that he shall have such a privilege only when using a car or other vehicle of a designated type. It is not even stipulated that the right shall be available to him only for the purposes of his professional duties. The fact that a right of way permit has been issued to a physician by the police department is the sole ground upon which the ordinance directs other users of the public highways to recognize and respect the unqualified priority for which it provides. This duty is imposed without reference to the opportunity or ability of those upon whom it is charged to know that there is any occasion for them to yield the right of way to which they are ordinarily entitled under the State law. In the absence from the ordinance of any provisions to assure knowledge to the public of a superior right of way on the part of permit holding physicians, its recognition in all instances could not reasonably be expected, and its attempted exercise would often be confusing and perilous. The question here is not whether the city could validly give physicians a general right of way on its streets under suitable regulations for the protection of the persons and interests affected, but whether an ordinance conferring the right without any qualifying and safeguarding provisions, and therefore directly tending to jeopardize the public safety which the statutory right of way rule was intended to promote, is a valid exertion of the police power delegated to the city by the State, and is within the purview of the "reasonable traffic regulations" which the Legislature has authorized the city to prescribe and enforce. In our judgment the ordinance, in so far as it relates to the exercise of a right of way by physicians under such conditions as the evidence in this case describes, clearly fails to meet the test of reasonableness which, in view of the statute on the subject and the accepted principle of adjudication in such cases, it is our duty to apply. *State* v. *Hyman,* 98 Md. 596; *State* v. *Brown, supra; Baltimore* v. *Radecke,* 49 Md. 217; 28 *Cyc.* 369; 19 *R. C. L.* 805-7.

No criticism is made on appeal of any granted prayers of the defendant other than those which denied the plain-

tiff's claim of the right of way for the car in which she was riding at the time of the collision, but in our opinion there was error in the instructions which had that effect. In other respects the case was properly submitted to the jury. An exception to the admission in evidence of the ordinance and of the permit issued to the defendant by the Police Department should have been sustained for the reasons we have stated in deciding the question raised by the ruling which has ben chiefly discussed.

> *Judgment reversed, with costs, and new trial awarded.*